**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREA SMITH-THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PITTSBURGH MEDICAL CENTER; UPMC; UPMC HEALTH SYSTEM and UPMC FOR YOU, INC.,<br><br>Defendants. | : | C.A. No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

**INTRODUCTION**

Plaintiff, Andrea Smith-Thompson ("Plaintiff"), by and through her attorney, Gerald B. Baldino, III, Esq., brings this action against the herein named Defendants University of Pittsburgh Medical Center; UPMC; UPMC Health System; and UPMC For You Inc. (hereinafter collectively referred to as "Defendants" or "UPMC"), for unlawful discrimination and harassment on the basis of her disability, denial of reasonable accommodation; violations of her FMLA protected rights, retaliation, and wrongful termination in violation of the Americans With Disabilities Act ("ADA") 42 U.S.C. §§ 12101, *et seq.*, the Pennsylvania Human Relations Act ("PHRA"); the Philadelphia Fair Practices Ordinance ("PFPO"), and the Family Medical Leave Act – 29 U.S.C. §§ 2601, *et seq.* ("FMLA"). Plaintiff seeks damages, including compensatory, liquidated, punitive, and attorneys' fees and costs, and all other relief that this Court deems appropriate, and respectfully represents as follows:

**PARTIES**

1. Plaintiff, Andrea Smith-Thompson, is an adult individual and resident of the Commonwealth of Pennsylvania.

2. Plaintiff was at all times material hereto an employee of Defendants within the meaning of the statutes that form the basis of this matter.

3. Defendant University of Pittsburgh Medical Center, is a Pennsylvania business entity with an address of 200 Lothrop St., Pittsburgh, PA 15213.

4. Defendant UPMC, is a Pennsylvania business entity with an address of 200 Lothrop St., Pittsburgh, PA 15213.

5. Defendant UPMC Health System is a Pennsylvania business entity with an address of 200 Lothrop St., Pittsburgh, PA 15213.

6. Defendant UPMC For You, Inc. is a Pennsylvania business entity with an address of 600 Grant St., U S Steel Tower 55th Fl., Pittsburgh, PA 15219.

7. At all times material hereto, Defendants were employers within the meaning of the statutes which form the basis of this matter and employed more than fifty (50) persons.

8. The Defendants engaged in an industry affecting interstate commerce and regularly conduct business in the Commonwealth of Pennsylvania.

9. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

**JURISDICTION AND VENUE**

10. The causes of action which form the basis of this matter arise under the FMLA, the PHRA, the ADA, and PFPO.

11. The District Court has jurisdiction over Count I (FMLA) and Count III (ADA) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

12. The District Court has supplemental jurisdiction over Plaintiff's state law claims in Count II (PHRA) and Count IV (PFPO) pursuant to 28 U.S.C. §1367.

13. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

14. All conditions precedent to the institution of this suit have been fulfilled. Plaintiff timely filed a charge of discrimination, retaliation, unlawful termination and of a hostile work environment with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC") and Philadelphia Commission on Human Relations ("PCHR"), received a Notice of Right to Sue ("NRTS") from the EEOC, and has properly commenced this action within 90 days of the receipt of the NRTS and has fully complied with all administrative prerequisites for the commencement of this action.

## GENERAL ALLEGATIONS

15. The Plaintiff, Andrea Smith-Thompson, had been employed by Defendants since on or about January 2023, up through her termination on November 20, 2024, and at all times relevant hereto she worked in the greater Philadelphia area and her job duties involved Defendants services in and around Philadelphia, PA.

16. Throughout the majority of her employment with Defendants, Plaintiff was employed as a service coordinator for University of Pittsburgh Medical Center; UPMC; UPMC For You Inc.; and UPMC Health System, collectively "UPMC" or the "UPMC Defendants."

17. During her time as a service coordinator, the Plaintiff was an excellent employee, consistently meeting expectations and standards for her position.

18. Throughout the course of her employment, Plaintiff was subjected to discrimination and harassment on the basis of her disability as well as violations of her FMLA protected rights

by Defendants, their servants, employees, and agents including, but not limited to Renaldo Mendez, Paige Mulson, and Sharnay Hardman as well as WorkPartners, a workforce management provider, and their staff.

19. Defendants were at all times relevant hereto responsible for the actions of their servants, agents, contractors, and employees.

20. At all times relevant hereto, Plaintiff suffered from a serious health condition, to wit, heart failure.

21. Plaintiff's aforementioned condition constitutes a disability under the Americans with Disabilities Act in that Plaintiff was substantially limited in one or more of her major life activities, was perceived by the Defendants as being disabled and/or had a record of impairment.

22. Despite the aforementioned condition, the Plaintiff continued to perform the essential functions of her position.

23. Eventually, Plaintiff was hospitalized due to the severity of her heart condition from on or about September 22, 2024, through September 30, 2024, and subsequently requested an ADA accommodation in the form of a leave of absence due to her serious medical condition, as well as FMLA leave.

24. Plaintiff timely and appropriately filled out her leave forms pursuant to UPMC's leave policies and procedures, and consistent with her doctor's instruction and recommendation requested leave from October 4, 2024, through November 21, 2024.

25. Despite this, and despite the severity of Plaintiff's condition, Plaintiff's leave was not approved beyond October 18, 2024.

26. Plaintiff was aware that Defendants and their managers, agents, staff and employees had expressed dissatisfaction with her leave and leave requests.

27. Plaintiff continued to require an accommodation in the form of approved leave and at all times relevant hereto was entitled to ongoing FMLA leave and continued to comply with Defendants' requests and leave policies and procedures.

28. As such, Plaintiff submitted all required and requested supplemental paperwork and documentation, as well as updated physician's notes and orders, including those taking her out of work from October 18, 2024, through January 31, 2024.

29. Despite this Defendants, without justification, refused to approve her FMLA leave or otherwise grant her an accommodation under the ADA, and thereafter engaged in ongoing and continuous harassment of the Plaintiff, including through ongoing, unnecessary and duplicative document requests, and continued denial of leave and other benefits, which caused Plaintiff undue stress, harm and injury.

30. Plaintiff complained to Defendants about the aforementioned acts of discrimination and harassment, including but not limited to Sharnay Hardman, but no action was ever taken and Defendants continued to wrongly deny Plaintiff leave.

31. Following a verbal disagreement with Defendants and their agents due to the ongoing harassment, discrimination, and denial of leave and reasonable accommodation, Plaintiff was terminated on November 20, 2024, the reasons for which Plaintiff maintains were pretextual.

32. Plaintiff maintains that the termination was because of her disability, request for leave, and/or her retaliation for her requests, medical leave, and subsequent complaints of the aforesaid acts of discrimination and harassment.

33. Plaintiff was discriminated against on the basis of her disability and FMLA leave requests with respect to the terms, conditions and/or privileges of her employment.

34. The hostile work environment Plaintiff was subjected to was unwelcome, based on her disability, leave requests, and complaints of discrimination and denial of reasonable accommodations, was severe and/or pervasive, was humiliating and degrading, and unreasonably interfered with her work and work environment.

35. Plaintiff viewed the harassment and discrimination as creating an abusive and hostile work environment, as would a reasonable person under similar circumstances.

36. Defendants wholly failed to prevent or address the discriminatory, harassing, and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discrimination, harassment, and retaliatory conduct.

37. The discriminatory, harassing, and retaliatory conduct of Defendants was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

38. Under these circumstances, the retaliatory actions that Plaintiff was subjected to, including the harassment, denial of FMLA leave and requests for reasonable accommodation, and wrongful termination, would deter a reasonable employee from exercising their rights.

39. Defendants acted with malice, reckless indifference and/or deliberate indifference to Plaintiff's statutorily protected rights.

40. Upon information and belief, Defendants had a pattern or practice of discriminating against employees with disabilities and those that had requested medical leaves of absence.

41. Plaintiff's disability and leave/accommodation requests were a determining factor in Defendants' improper and discriminatory treatment of Plaintiff, including her wrongful termination.

42. Plaintiff's disability and leave/accommodation were a motivating factor in Defendants' improper and discriminatory treatment of plaintiff, including her wrongful termination.

43. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity including back and front pay, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**COUNT I – FMLA**

**<u>Plaintiff Andrea Smith-Thompson v. All Defendants</u>**

44. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

45. At all times relevant herein, Respondent employed fifty (50) or more employees, and Defendants are a covered employer as defined by the FMLA.

46. As set forth herein, Plaintiff was protected by the FMLA in consideration of her FMLA leave requests, history of FMLA leave, and the activities she had taken to avail herself of FMLA leave and her FMLA rights.

47. The actions of the Defendants, through their agents, servants and employees, in subjecting Plaintiff to discrimination and harassment on the basis of her requests and her complaints thereof, ultimately resulting in the wrongful discharge of Plaintiff from her employment, constituted violations of the FMLA.

48. Defendants interfered with Plaintiff's FMLA rights because, as outlined in detail above, Defendants unreasonably denied her leave requests and terminated Plaintiff shortly after her requests to take FMLA leave and her complaints related thereto, and in so doing, denied her the opportunity to avail herself of leave for which she was eligible.

49. Plaintiff was prejudiced by Defendants' conduct because she was unable to avail herself of FMLA leave for which she was eligible.

50. Defendants retaliated against Plaintiff by issuing Plaintiff pretextual discipline and terminating her soon after her requests for leave, denial of those requests, and shortly after her complaints related thereto, despite the fact that Plaintiff was eligible for FMLA leave.

51. Said violations were willful and intentional and warrant the imposition of punitive damages.

52. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants which in violation of the FMLA, Plaintiff sustained permanent and irreparable harm, resulting in interference with her FMLA rights and her discharge from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon, and has incurred attorneys' fees and costs.

53. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the FMLA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem, and irreparable injury and monetary damages.

54. By reason of Defendants' discriminatory acts and retaliation as aforementioned, Plaintiff Andrea Smith-Thompson is entitled to all legal and equitable remedies available under the FMLA.

55. The forgoing conduct constitutes violations of the FMLA.

56. No previous application has been made for the relief requested herein.

**COUNT II – PHRA**

**Plaintiff Andrea Smith-Thompson v. All Defendants**

57. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

58. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendants have violated the PHRA.

59. Said violations were intentional and willful.

60. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

61. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

62. By reason of Defendants' harassment, discrimination and retaliation and denial of leave, Plaintiff Andrea Smith-Thompson is entitled to all legal and equitable remedies available under the PHRA.

63. No previous application has been made for the relief requested herein.

**COUNT III – PFPO**

**<u>Plaintiff Andrea Smith-Thompson v. All Defendants</u>**

64. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

65. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendants have violated the PFPO.

66. Said violations were intentional and willful.

67. As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

68. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

69. By reason of Defendants' harassment, discrimination and retaliation and denial of leave, Plaintiff Andrea Smith-Thompson is entitled to all legal and equitable remedies available under the PFPO.

70. No previous application has been made for the relief requested herein.

**COUNT IV – ADA**

**<u>Plaintiff Andrea Smith-Thompson v. All Defendants</u>**

71. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

72. The actions of the Defendants, through their agents, servants and employees, in subjecting Plaintiff to discrimination and harassment on the basis of her actual and/or perceived disabilities and/or record of impairment, and/or failing to engage in the interactive process, and/or failing to accommodate her disability by denying her reasonable accommodations and leave, and/or retaliating against Plaintiff for requesting reasonable accommodation for her disability and for her complaints of disability discrimination, ultimately resulting in the wrongful discharge of Plaintiff from her employment, constituted violations of the ADA.

73. Said violations were willful and intentional and warrant the imposition of punitive damages.

74. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in her discharge from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon, and has incurred attorneys' fees and costs.

75. As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendants in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem, and irreparable injury and monetary damages.

76. By reason of Defendants' discriminatory acts, hostile work environment, and retaliation, Plaintiff Andrea Smith-Thompson is entitled to all legal and equitable remedies available under the ADA.

77. No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the FMLA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA and PFPO;

(c) declaring the acts and practices complained of herein to be in violation of the ADA;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f) awarding compensatory damages to make the Plaintiff whole for all past lost earnings, earning capacity and benefits, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h) awarding punitive damages to Plaintiff under the PFPO and ADA;

(i) awarding Plaintiff such other damages as are appropriate under the FMLA, the PHRA, PFPO, and ADA ;

(j) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and;

(k) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**JURY DEMAND**

Plaintiff demands a trial by jury of the claims asserted herein.

Dated: September 29, 2026

*/s/ Gerald B. Baldino, III*
Gerald B. Baldino, III, Esquire
Attorney I.D. No. 326111
SACCHETTA & BALDINO
308 E. Second Street
Media, PA 19063
P: (610) 891-9212
F: (610) 891-7190
gbaldino@sbattorney.com
*Attorney for Plaintiff*